Ryan Lee (SBN: 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-583-3695
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
TAWNYA WEST

**UNITED STATES DISTRICT COURT,
DISTRICT OF ARIZONA**

| TAWNYA WEST, | ) | Case No.: |
|---|---|---|
| Plaintiff, | ) ) | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | ) ) | **(Unlawful Debt Collection Practices)** |
| ER SOLUTIONS, INC., | ) ) |  |
| Defendant. | ) ) |  |

**PLAINTIFF'S COMPLAINT**

TAWNYA WEST (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against ER SOLUTIONS, INC. (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant is located in the state of Arizona, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

5. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

**PARTIES**

6. Plaintiff is a natural person residing in Hyde Park, Lamoille County, Vermont.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency located in Glendale, Maricopa County, Arizona.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant places collection calls to Plaintiff's cell at 802-377-8419.

13. Defendant calls Plaintiff's boyfriend's grandfather in an attempt to communicate with Plaintiff.

14. Defendant calls Plaintiff and hangs up without leaving voicemail messages.

15. Defendant places collection calls to Plaintiff and fails to disclose that ER Solutions, Inc. is the caller.

16. Defendant places collection calls to Plaintiff and fails to disclose that the call is from a debt collector.

17. Defendant did not send Plaintiff a debt validation letter. To date, Plaintiff has not received any written correspondence from Defendant.

PLAINTIFF'S COMPLAINT

# COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692b(1)* of the FDCPA by communicating with Plaintiff's boyfriend's grandfather and failing to identify herself and state that she is confirming or correcting location information concerning Plaintiff.

   b. Defendant violated *§1692b(3)* of the FDCPA by communicating with Plaintiff's boyfriend's grandfather more than once and without request to do so and without reasonable belief that the earlier response was erroneous or incomplete.

   c. Defendant violated *§1692c(a)(1)* of the FDCPA by attempting to communicate with Plaintiff at her boyfriend's grandfather's house.

   d. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress and/or abuse the Plaintiff.

   e. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass the Plaintiff.

   f. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity because Defendant fails to inform Plaintiff that the call is from ER Solutions, Inc.

   g. Defendant violated *§1692e(5)* of the FDCPA by threatening to file a lawsuit against Plaintiff when Defendant's representative told Plaintiff that she will need a lawyer.

   h. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by failing to inform Plaintiff of the caller's identity.

   i. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose the initial call and subsequent communications with Plaintiff that the call is from a debt

      collector.

j. Defendant violated *§1692f* of the FDCPA by calling Plaintiff's boyfriend's grandfather's in an attempt to communicate with Plaintiff.

k. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff, TAWNYA WEST, respectfully requests judgment be entered against Defendant, ER SOLUTIONS, INC., for the following:

19. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

20. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

21. Actual damages,

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

23. Any other relief that this Honorable Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff, TAWNYA WEST, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED:  February 10, 2010                    KROHN & MOSS, LTD.


By: /s/ Ryan Lee                              _

Ryan Lee
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF VIRGINIA)

Plaintiff, TAWNYA WEST, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, TAWNYA WEST, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 2-9-2010         
                                        TAWNYA WEST

Feb 09 10 06:41p   Peter Fedeau   18028885717   p.7